# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2024-0527
LT Case No. 2022-CF-12457

_____

TOMMY ALTON LEGGETT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
London M. Kite, Judge.

Matthew J. Metz, Public Defender, and Joseph R. Chloupek,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, and Darcy Townsend, Assistant
Attorney General, Tallahassee, for Appellee.

November 8, 2024


HARRIS, J.

    On December 20, 2022, a deputy with the Jacksonville
Sheriff's Office stopped an Uber vehicle for running a stop sign.
Leggett was the backseat passenger in that vehicle. As the deputy
approached the vehicle, he noted a strong odor of marijuana
coming through an open window. Based solely on that odor, the
deputy searched a backpack found next to Leggett, which

contained a firearm and significant amounts of several controlled substances. Leggett moved to suppress all of the evidence found in the backpack, arguing that the smell of marijuana by itself no longer provides probable cause for a warrantless search. The court denied the dispositive motion, accepted Leggett's guilty plea and sentenced him to 30 years in prison as a habitual felony offender.

On appeal, Leggett relies heavily on this court's recent opinion in *Baxter v. State*,[1] where we concluded that the odor of cannabis alone can no longer "be the sole basis supporting reasonable suspicion for an investigatory detention." 389 So. 3d 803, 813 (Fla. 5th DCA 2024). While Leggett's reliance in this appeal on *Baxter* is reasonable, the caveat in *Baxter* remains true here—because the deputy "reasonably relied on binding precedent at the time of the arrest," this search "comes within the good-faith exception and is not properly subject to the exclusionary rule." *Davis v. United States*, 564 U.S. 229, 249 (2011).

AFFIRMED.

EDWARDS, C.J., and WALLIS, JJ., concur.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

––––––––––––––––––

[1] Leggett's arrest occurred over a year before the issuance of the *Baxter* opinion.

2